UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BENJAMIN BRANCH | CIVIL ACTION NO. 06-0898 |
| -vs- | JUDGE DRELL |
| PATRICIA JACOBS, et al. | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court is a motion for summary judgment (Doc. 27) filed by the defendants in this matter. For the reasons set forth below, the motion is granted. By separate order, all of plaintiff's claims will be dismissed with prejudice.

### I. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Id. A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2510-11 (1986). If the movant produces evidence tending to show there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 321-23, 106 S. Ct. 2548, 2552 (1986)).

In the analysis, all inferences are drawn in the light most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. Brock v. Chevron U.S.A., Inc., 976 F.2d 969, 970 (5th Cir. 1992). Finally, "a mere scintilla [of evidence] is not enough to defeat a motion for summary judgment." Davis v. Chevron U.S.A., Inc., 14 F.3d 1082, 1086 (5th Cir. 1994) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)).

## II. BACKGROUND

This suit under 42 U.S.C. § 1983 arose when the plaintiff, Benjamin Branch, was attacked in a holding cell in Avoyelles Correctional Center ("AVC") on July 21, 2005, by another prisoner. With one exception, the plaintiff adopted the defendants' statement of material facts, submitted pursuant to LR56.1. (Docs. 29, p. 2). That statement, minus the disputed assertion regarding the extent of the inmates' injuries, reads as follows:

> 1. That on July 21, 2005, Inmates Benjamin Branch and Inmate Cornell [M]artin were engaged in a fight in the holding cell in the AVC infirmary.
>
> 2. That Inmate Benjamin [B]ranch was already in the cell when Inmate Martin was placed in the holding cell.
>
> 3. That Nurse Chad Guillory placed Inmate Martin in the holding cell.
>
> 4. That Warden Lynn Cooper had no direct involvement with the incident between Inmates Branch and Martin on July 21, 2005.
>
> * * *
>
> 6. Neither inmate Branch nor Martin was a known enemy of the other to prison officials.
>
> 7. That the three named defendants had no desire or intent to cause injury to the plaintiff.

(Doc. 27-3).

2

Branch filed the instant suit on June 23, 2006, against Head Warden Lynn Cooper, Nurse Chad Guillory, and Lieutenant Patricia Jacobs. Other than naming Cooper as a defendant, the complaint does not state a specific claim against him. As for Guillory and Jacobs, the complaint states:

> Defendant, Jacobs failed to remain in the area to supervise inmates in the holding room to prevent attacks from other inmates. Ms. Jacobs action was reckless, when she disregarded a substantial danger that was known or should have been known to her.
>
> Defendant, Guillory was grossly negligent by placing a violent inmate in the same holding room without any restraints whatsoever when plaintiff was fully restrained and unable to protect himself and no one was there to stop the inmate, when he attacked plaintiff which caused him great harm and injury.

(Doc. 4, p. 3).

The defendants filed the instant motion for summary judgment (Doc. 27) on February 29, 2008, seeking dismissal of all of Branch's claims.

### III. LAW AND ANALYSIS

First, because the complaint fails to state any claim against Head Warden Cooper, we grant the motion with respect to Cooper; Branch's claims against him will be dismissed with prejudice. The only remaining defendants are Nurse Guillory and Lieutenant Jacobs. The defendants argue that they are entitled to qualified immunity from civil liability on Branch's deliberate indifference claims against them. The Fifth Circuit has set out the law on these issues as follows:

> Government officials performing discretionary functions are entitled to qualified immunity from civil liability to the extent that "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). For qualified immunity

3

> purposes, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Johnson v. Johnson, 385 F.3d 503, 524 (5th Cir.2004) (quoting Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987)).
>
> It is well established that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates. See Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970, 1976-77, 128 L.Ed.2d 811 (1994). Under Farmer, an inmate "must show that he is incarcerated under conditions posing a substantial risk of serious harm" and that prison officials were deliberately indifferent to an inmate's safety. Id. at 834, 114 S.Ct. at 1977. An official acts with the requisite deliberate indifference if he is aware of an "excessive risk to inmate ... safety" and disregards that risk. Id. at 837, 114 S.Ct. at 1979. In this context, an officer's awareness of the risk is evaluated subjectively. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must in fact also have drawn the inference. Id. No liability exists, however, if an official reasonably responded to a known substantial risk, "even if the harm was ultimately not averted." Id. at 844, 114 S.Ct. at 1983.

Longoria v. Texas, 473 F.3d 586, 592-93 (5th Cir. 2006).

In Longoria, the Fifth Circuit held that a prison official did not act unreasonably or with deliberate indifference "when he escorted an unwilling [inmate] from his cell while [the inmate] was warning that the inmates in the shower wanted to kill him." Id. at 594. Here, Martin asserts by affidavit that he "asked the security officer Sgt. Laws not to place me in the holding cell with Branch because of the way he was acting and the comments he was making." (Doc. 27-4, p. 2). It appears that under Longoria, absent other facts, Martin's warning would be insufficient to put even Sgt. Laws on notice of a substantial risk of serious harm. Significantly, there is no indication anywhere in the record that either Nurse Guillory or Lieutenant Jacobs had even that much of a warning.

It is undisputed that neither Branch nor his attacker, Martin, had the other listed on his enemy list. There is nothing in the record to show that the defendants otherwise knew or should have known of any enmity between Branch and Martin. The fact that Branch was in full restraints, while Martin was not, does not demonstrate an excessive risk to Branch's safety, because there was no indication before the attack that Martin might attack Branch. In short, there is no evidence that the remaining defendants in this case, Guillory and Jacobs, were aware or should have been aware of any substantial risk to Branch's safety. Because Guillory and Jacobs did not act unreasonably or with deliberate indifference, their actions did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known," and they are entitled to qualified immunity from civil liability for their actions. Consequently, the defendants' motion for summary judgment must be granted as to Guillory and Jacobs, as well as to Cooper, leaving no viable claims in this suit.

## IV. CONCLUSION

For the foregoing reasons, the defendants' motion for summary judgment (Doc. 27) is GRANTED. By separate judgment, all of the plaintiff's claims in this suit will be DISMISSED WITH PREJUDICE.

SIGNED on this 16 day of June, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE